v. Trustees of St. Johnsbury Academy. I'm Harold Stevens from Stowe, Vermont, representing Professor Chang in her suit against St. Johnsbury Academy and Kingdom Development Company for filing a defamatory letter with her committee in the Republic of Korea to set up a independent private school that could offer a US-type high school diploma in the island of Jeju, South Korea. Professor Yang is a professor of education in Korea. She was picked and selected to sit on a committee to decide which private school in the United States would be appropriate to come and offer a high school education in Korea. She was well-versed in the private school systems here in the States and that she's actually had children in because it's not strictly a private school because it takes public vouchers from students in the St. Johnsbury area so anybody can go to high school there. She thought that St. Johnsbury Academy was questionable in its conduct and that it also had its own company called Kingdom Development Company that was actually going to be running the school in Jeju for profit and she investigated them and came up with the opinion that in January of 2016 that she thought it was an inappropriate school to be selected for Jeju. As a result of her opinion, Mr. Palmer, who is the attorney Palmer who is the attorney for St. Johnsbury Academy and Kingdom Development Company wrote what we say was a libelous letter to the chairman of her committee seeking her removal, seeking to Attorney Palmer stated that St. Johnsbury Academy and Kingdom Development Company have deep concerns about unauthorized and disruptive actions and false statements by Dr. Chiang, a member of the subcommittee charged with reviewing and approving the project. Kingdom Development Company and St. Johnsbury Academy by this letter officially protest her misconduct and request that you remove her from the subcommittee. At the very least, Dr. Chiang should be censured, disqualified and made to recuse herself from any further participation. It went on to say that she falsely claimed that St. Johnsbury Academy was not a private school, which is not true. She stated that she knowingly defamed St. Johnsbury Academy and Kingdom Development Company, which she claims is not true. They and basically they were upset with the fact that she argued that St. Johnsbury Academy was not the proper school, that the committee should have chosen a better school. Given this letter, she instituted a defamation claim in the Vermont District Court seeking damages because of the damage that this did to her reputation. She lost consulting jobs as a result. She was got in trouble with her committee over these issues and was harmed as a result of these claims. In a simple complaint under the federal rules of procedure, Rule 8, we set forth these facts and St. Johnsbury Academy and Kingdom Development Company moved to dismiss, claiming that it didn't set forth a claim of defamation. Although we said the letter was libelous and defamatory. Judge Magistrate Conroy, who was assigned to the case, dismissed the complaint, basing his opinion on that the claims were not plausibly false. The plaintiff had somehow acknowledged the truth of the claims, that we didn't show that there was lack of privilege or malice to overcome it. When in fact, the complaint says that what they did was willful, wadden, reckless, and malicious. But don't you have to point to particular parts of the letter that were defamatory rather than just that general allegation in paragraph 30 of the complaint? Yes, in paragraph 29 of our conduct was unauthorized, disruptive, and false, and her statements were false, was libelous. Libelous means defamatory, untrue. You know what I'm talking about, paragraph 30, which is what the magistrate judge pointed to. It says the letter is libelous and defamatory. Don't you have to say what about the letter is libelous and defamatory rather than the whole two-page letter? I think you have to read the letter as a whole, but what was defamatory about the letter was is that first of all, her conduct wasn't unauthorized, her conduct was not disruptive, and her statements were not false. Well, there is this accusation that line relates to the public school, the evasion of the tax laws, the entering the agreement without authority, and Wilson not being a lawyer. And there are no facts pleaded with respect to why those are false. I mean, you have to state a plausible claim of falsity. Well, the fact that she, that they're saying she's a liar, it's either, it's either true, it's either true, I would say it's either true or false, Your Honor. It's, they made a statement of fact, basically under a reasonable inference, and give us all reasonable inferences. This did not happen here. Basically what the magistrate did was act as a trier of fact before there was even a trial. We didn't get the opportunity. All we have to do under the rules of procedure is to set forth a plain, simple statement of facts, which we did. It has to be sufficient facts to state a plausible claim. I mean, this, this arises also in the, in the circumstance of a recognized Vermont privilege. So help us out with where there are pleadings in here that indicate how the letter is false. Because we say the contents of the letter are false as a, as a whole. I think that's a conclusion, and that's what may, the law suggests is insufficient. Well, I don't know how you can state something's false when it's, when it is. I mean, I, I don't understand how you can say that's a conclusion. Either something's true or false. That's obviously a conclusion. Right, but there are facts here. The, they, they were accusing her of having made false statement about their evading tax law. If you're saying that's, that that statement is false, that she, she falsely represented that, you would have to make the accusation. And the basis was because Kingdom Development Company is the wholly owned profit, a subsidiary. There are no pleadings to this effect. That's the concern. Well, I think, Your Honor, I understand your position, but I, I disagree with the fact that you think it's conclusionary. Thank you. Thank you. Mr. Stevens is reserved two minutes. May it please the Court. My name is John Serafino, and I represent one of the appellees, St. Johnsbury Academy. We've briefed an issue regarding the Court's jurisdiction and several issues regarding waiver, and I'll refer the Court to the brief on those issues unless the Court has any questions. Instead, I'd like to focus on why the District Court properly dismissed the complaint and properly denied the post-judgment motions. This case shows why the plausibility standard is more than just a technical pleading requirement. It protects defendants in the Court from the expense and the time that they would have to devote to defending a case based on conclusory allegations, nonspecific allegations, and threadbare allegations of a cause of action. Instead of supporting the claim with specific facts that show that the plaintiff is entitled to relief, one of the burdens that this standard is intended to fulfill is protecting the defendants from having to engage in discovery. There are allegations in the complaint in paragraphs 25 to 28 that refer to the plaintiff's efforts to obtain records from the defendants previously unsuccessfully. If the case is again pursue those records based upon very conclusory allegations. The District Court properly applied the plausibility standard to prevent this case from going forward and to protect defendants from that burden. The other point I'd like to focus on is the plaintiff's failure to overcome the privilege of the defendants to have their attorney act to protect their interest. That's a Vermont common law privilege, is that right? That's right. Supported by the restatement of torts. And the law is that the plaintiff would have to have clients involved in a development project. There was a citizen's group actively opposed to that project. One member of that group was part of the government body reviewing defendants' application for this project. So seeking recusal for the reason stated in the letter is a logical, natural response to that situation. The only response- She claimed that SJA is a public school. She attacked a validity agreement, said it was an illegal agreement. Aren't those factual allegations in the letter? Other than she's acted improperly somehow? Those are factual allegations, but what's lacking is specific factual allegations in the complaint that explain why those are not true. Why the factual statements in the letter were not true. There were other statements that the district court properly characterized as opinions, either pure opinions or opinions that were backed up by substantially true facts. And to that extent, the pleading failed to meet the requirements under Twombly and Iqbal. So if the court reaches the merits, the court should affirm the dismissal of the case. Thank you. May it please the Court, my name is Jennifer McDonald on behalf of the Appellee Kingdom Development Company. I want to lead off what my co-counsel has briefly addressed and also note that the appellant did not address it in his oral argument. Dr. Yang's defamation suit in this case was based entirely on an advocacy letter written by KDC's attorney regarding its strongly held concerns over Dr. Yang's actions in a matter of significant business interest to KDC, that is the development of an international school on Jeju Island. This communication from counsel under Vermont law enjoys a qualified privilege. It cannot be used to support a claim of defamation without clear and convincing proof of malice, an element that was neither pled in the original complaint nor can it be inferred from the allegations that were alleged in the complaint. This is an essential immunity that protects and ensures that a lawyer and her client may not be sued for statements that are made on the client's behalf in furtherance of a client's interest. It is an essential component of what the legal profession does. In this case, the complaint, it's very clear that the original complaint contains no allegation of malice either stated or that can be inferred from the allegations that are contained in that complaint. I also want to note that these statements were considered each and every one of them, not as a whole and whether the entire letter was false, but each and every statement was addressed by the district court that was contained in the letter and considered whether that was a pure opinion or a matter of mixed opinion as my co-counsel has KDC and St. Johnsbury Academy have deep concerns about unauthorized and disruptive actions and false statements by Dr. Yang. This is the type of statement that is found in communications from counsel on a daily basis. It does not indicate malice or reckless disregard of the information that was known to the client. These issues were considered by the district court multiple times. It was first considered on the merits in response to a motion to dismiss and then again in terms of whether it is futile under the request to re-plead. I will note that in addition to the procedural and jurisdictional hurdles that are faced by Dr. Yang in this case, the futility point is worth referencing. The proposed amended complaint did nothing to remedy the pleading errors that were contained in the initial complaint. Although the word malice was added, there were no additional factual assertions alleged that would support a threadbare allegation of malice. So as we look at it on the merits, there are numerous grounds that the court could affirm the decision of the district court. One, these are statements of opinion. They are either pure opinion or mixed opinions that are substantially true based on the allegations in the complaint. Two, and of significance to the legal profession, is this qualified privilege that is enjoyed by counsel and a client to make advocacy statements in furtherance of legitimate business interests of a client in the course of representation of that client. At this point, unless the court has additional questions, I will ask that the court confirm the judgment of the district court and that this case be dismissed. Thank you. We'll hear from Mr. Stevens, who's reserved two minutes. Thank you. And then just following up with regard to your Honor's concern about not giving detail factual statements about what was exactly false, after the dismissal was entered by the magistrate, we asked to alter or amend the judgment to at least give us a chance to amend to more specifically say what we think was false. Usually the courts, before dismissing a case, will grant the plaintiff a chance to amend where there might be uncertainties to try and get at the merits of the plaintiff. So we asked for a motion to alter or amend based on the fact that that's usually the proper procedure, and we also at the same time filed a motion to amend where in fact we listed a number of exactly what we believe to be the false statements made as an appendix to the amended complaint. Despite that, the magistrate still felt that what we were saying was but in fact we believe that what they did was willful and wanton and malicious to try and have my client, who was entitled to make an opinion about this school, and because they didn't like her opinion, to have her removed from her committee and be censured, and to make claims that what she was saying that basically she was a liar, and that she was lying about them. So personally, I don't dismiss this case with such a libelous letter. I mean, to me, the whole thing has to be viewed as one, and we just laid out exactly that she didn't say that she never went around saying that St. Johnsbury was a private school. For instance, she said it was a public voucher school. She had questions about their agreement and about the relationship with Kingdom Development Company. So with all due respect, Your Honor, we believe the magistrate's decision should be reversed and the case remanded for trial. Thank you, Mr. Stevens. Thank you, counsel. We reserve decision.